UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>      Plaintiff,<br><br>    v.<br><br>KEN LEE, Deputy; et al.,<br><br>      Defendants.<br>                                          / | No. C 13-5820 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Vincent Keith Bell, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the jail. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Bell alleges that several deputies and officers at the San Francisco County Jail in San Bruno used excessive force on him on September 22, 2013. He alleges that officer Ken Lee (#2131), lieutenant Krol, officer Gatman, officer De los Reyes (#2016), and officer Herrion beat him up. They also forced Bell – who had one leg amputated – to hop on one his remaining leg for a long distance. He further alleges that he was put in the safety cell, where he was "tortured" at the direction of lieutenant Krol. He further alleges that other officers helped lieutenant Krol retaliate against him, although he does not allege what prompted the retaliation or sufficiently describe the allegedly retaliatory acts.

The complaint states a cognizable claim against defendants Lee, Krol, Gatman, De los Reyes and Herrion for the use of excessive force on September 22, 2013.

The complaint provides insufficient information for the court to determine that a claim is stated based on the allegation that Bell was subjected to torture in the safety cell. His allegations suggest that the "torture" may have been verbal taunting by some people and physical abuse by others. Bell must file an amended complaint to further describe this claim. Bell must allege who tortured him and describe what each person did to "torture" him. Verbal harassment alone is not actionable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston,* 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

Bell's retaliation claim also is deficient. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Bell's allegations fail to state a claim for retaliation because he does not identify what conduct he engaged in that prompted the alleged retaliation, does not adequately identify the adverse action, and does not allege that it chilled his exercise of his First Amendment rights. If Bell wishes to pursue this claim, he needs to identify the particular defendant(s) for this claim, allege facts showing what he did that prompted the alleged retaliation, allege facts showing what each defendant did or failed to do that amounted to retaliation, and allege that such actions chilled the exercise of his First Amendment rights.

## CONCLUSION

Plaintiff's complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **September 26, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, and therefore he should repeat his excessive force claim, as well as cure the deficiencies in his torture and retaliation claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If plaintiff does not file an amended complaint by the deadline, only his excessive force claim will go forward and the other claims will be dismissed.

IT IS SO ORDERED.

Dated: August 26, 2014

_____
SUSAN ILLSTON
United States District Judge

3