UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT KEITH BELL,

    Plaintiff,

v.

KEN LEE, Deputy; et al.,

    Defendants.

    No. C 13-5820 SI (pr)

    **ORDER OF SERVICE**

## INTRODUCTION

Vincent Keith Bell, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the jail. The court reviewed the complaint and dismissed it with leave to amend so that Bell could cure several pleading deficiencies. He then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, Bell alleges that, on September 22, 2013, he was beaten up by San Francisco Sheriff's Department officers De Los Reyes, Ken Lee, Gatman, and Herrion, and lieutenant Krol. Bell alleges that they first beat up him near his cell. Then they forced Bell – who had one leg amputated – to hop on his remaining leg for about 100 feet to a safety cell. Once in the safety cell, they beat him up again. A psychiatrist released Bell from the safety cell the next day.

Bell further alleges that he later went to lieutenant Charles Flewllen of investigative services and made a claim regarding the beating. After Bell filed that claim, lieutenant Krol had his officers retaliate by writing false reports against Bell. Lieutenant Krol held the hearings on these false reports and imposed the maximum discipline on Bell. Bell was locked up in his cell for thirteen months or more, with no access to yard, telephone, visitation, or recreation. Sergeant Weatherly allegedly told Bell that lieutenant Krol had forced him and others to retaliate against Bell. To please lieutenant Krol, sergeant Weatherly and officer Mooney allegedly searched Bell's cell for three hours, and took materials from his lawyers and sent them to lieutenant Flewllen with a request for him give the materials to the prosecutor to retaliate against Bell.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The constitutional right at issue when force is used on a person depends on that person's status at the time forced is used on him. The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). The Eighth Amendment's prohibition of cruel and unusual punishments protects a convict from force used maliciously and sadistically for the very purpose of causing harm. *See*

*generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  It is not necessary to determine Bell's status for present purposes because the allegations state a cognizable claim under the Due Process Clause or the Eighth Amendment.  Liberally construed, the amended complaint states a cognizable § 1983 claim against the following defendants for using excessive force on Bell near his cell and inside the safety cell:  officer Ken Lee (badge #2131), lieutenant Krol (badge # 1412), officer Gatman, officer De los Reyes (badge #2016), and officer Herrion.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Liberally construed, the amended complaint states a cognizable claim against lieutenant Krol, sergeant Weatherly (badge # 898 or # 889), and officer Mooney for retaliation against Bell for his filing of a claim with the office of investigative services.

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law.  Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states.  *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  In the prison or jail context, these interests are generally ones pertaining to liberty.  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)).  Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance."  *See Sandin*, 515 U.S. at 477-87.  An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the

3

inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. The court understands the amended complaint's allegations to mean that there was not sufficient evidence to support the disciplinary decisions made by lieutenant Krol. Liberally construed, the amended complaint states a cognizable claim against lieutenant Krol for violating Bell's right to due process based on the allegations that he held hearings on disciplinary reports that he knew were false and imposed discipline on Bell during such hearings.

## CONCLUSION

1. The amended complaint states the following cognizable claims under § 1983: (a) against defendants Lee, Krol, Gatman, De los Reyes and Herrion for excessive force; (b) against defendants Krol, Weatherly and Mooney for retaliation; and (c) against lieutenant Krol for violating Bell's right to due process. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants, all of whom apparently work at the San Francisco County Jail:

- San Francisco Sheriff's officer Ken Lee (badge # 2131)
- San Francisco Sheriff's lieutenant Krol (badge # 1412)
- San Francisco Sheriff's officer Gatman
- San Francisco Sheriff's officer De los Reyes (badge # 2016)
- San Francisco Sheriff's officer Herrion
- San Francisco Sheriff's sergeant Weatherly (badge # 898 or # 889)
- San Francisco Sheriff's officer Mooney

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **April 10, 2015**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such

4

a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

        b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 8, 2015**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.     If defendants wish to file a reply brief, the reply brief must be filed and served no later than **May 22, 2015**.

    4.     Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

    5.     All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 3, 2015

_____
SUSAN ILLSTON
United States District Judge