UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN LEE, Deputy; et al.,<br><br>　　　　Defendants.<br>_____ / | No. C 13-5820 SI (pr)<br><br>**ORDER** |

Vincent Keith Bell, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the jail. The court found that the amended complaint (Docket # 5) stated cognizable § 1983 claims against several defendants for excessive force, retaliation and denial of due process in disciplinary proceedings. Service of process was ordered on seven members of the San Francisco Sheriff's Department, who have now appeared in this action.

Bell has filed a "motion to amend adding new defendant and date change." Docket # 10. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires but the court cannot make that determination without seeing the proposed new pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion to amend is DENIED because Bell did not attach the proposed second amended complaint. Docket # 10. It would not be in the interest of justice to construe the motion to amend to actually be the second amended complaint because there are many pleading problems with it and further amendment would be necessary. As the defendants point out in their opposition to the motion, many of Bell's

allegations lack sufficient detail to allow defendants or the court to understand what claims Bell is making against the defendants. *See* Docket # 17 at 2.

In his motion to amend, Bell indicated that he wanted to correct the date of the excessive force incident, which is appropriate. Bell also indicated that he wanted to add one or more new defendants, which may be permissible, depending on the claims against those defendants. For each new defendant he wants to add, Bell must allege what that defendant did or failed to do that caused a denial of plaintiff' constitutional rights. Bell also must state the dates on which any constitutional violation allegedly occurred to give the defendants fair notice of the claims against them. Bell must file his second amended complaint no later than **June 12, 2015**, or the action will proceed without the new defendant(s).

Plaintiff filed a "motion for denial of extension of time," in which he argues that the deadline for defendants to file their dispositive motion should not be extended. Plaintiff's motion is DENIED. Docket # 18. The court already granted the requested extension of time in the order filed April 9, 2015 and even more time is now necessary because of Bell's own desire to add claims against one or more new defendants. It is appropriate to further extend the deadline for dispositive motions so that all defendants can be served and potentially file a motion on the same schedule. Accordingly, the court now sets the following new briefing schedule: Defendants' motion for summary judgment or other dispositive motion must be filed and served no later than **August 1, 2015**. Plaintiff's opposition to the motion for summary judgment or other dispositive motion must be filed and served on defense counsel no later than **August 28, 2015**. Defendants' reply brief, if any, must be filed and served no later than **September 11, 2015**.

IT IS SO ORDERED.

Dated: May 8, 2015

_____
SUSAN ILLSTON
United States District Judge