UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL, | No. C 13-5820 SI (pr) |
| Plaintiff, | **ORDER ON DISCOVERY AND MISCELLANEOUS MATTERS** |
| v. | |
| KEN LEE, Deputy; et al., | |
| Defendants. | |

Vincent Keith Bell, an inmate at the San Francisco County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the jail. The court found that the amended complaint (Docket # 5) stated cognizable § 1983 claims against several defendants for excessive force, retaliation and denial of due process in disciplinary proceedings. This action is now before the court for consideration of several discovery and miscellaneous matters.

A.  Discovery Motions

The parties have several discovery disputes. Plaintiff has moved to compel production of videotape relating to the use-of-force incident (Docket # 27); defendants have moved for a protective order barring plaintiff from taking the depositions of several defendants based on inadequate notice (Docket # 25); and defendants have moved to compel plaintiff's deposition (Docket # 29).

The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court.

*See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

<u>Plaintiff's Motion To Compel Disclosure of Video Recordings</u>: Plaintiff has moved to compel "exculpatory video footage as requested." Docket # 27 at 1. Defendants have opposed the motion, stating that (a) they produced 157 pages of documents and three videos on a DVD of the incident, (b) there are no other video recordings of which they are aware, and © plaintiff has not met and conferred regarding the alleged deficiencies in defendants' production. Docket # 28-1 at 2. Plaintiff has not filed a reply.

The motion to compel disclosure of video recordings is DENIED. Docket # 27. First, plaintiff has not disputed defendants' assertion that they provided him with a DVD containing videos relating to the incident, and has not identified what other recordings defendants have failed to produce. Defendants are not obligated to provide plaintiff with a DVD player or other means to watch the videos they have produced. Second, plaintiff failed to engage in the required good faith efforts to meet and confer to attempt to resolve this discovery dispute before filing his motion to compel. *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37.

Defendants' Motion For A Protective Order: Defendants have moved for a protective order barring plaintiff from taking their "unreasonably noticed depositions." Docket # 25 at 2. Defendants protest that they only received four days' notice because plaintiff's notice of depositions was mailed on June 11, received by defense counsel on June 15, and scheduled the depositions for June 19, 2015. Defendants further protest that plaintiff failed to consult with defense counsel regarding scheduling, as required by a local rule. *See* N. D. Cal. Local Rule 30-1 ("For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party.") Defendants also state, without contradiction, that defense counsel wrote a letter to plaintiff in an attempt to meet and confer regarding the scheduling of the requested depositions and contacted plaintiff's criminal defense attorney to convey their concerns. Plaintiff did not withdraw the notice of depositions.

Upon a showing of good cause, the court may limit discovery by issuing "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Federal Rule of Civil Procedure 30(b) requires that "reasonable written notice" be provided to every other party for a deposition, but does not define the amount of time considered to be reasonable notice. Courts have found that a week to ten days' notice of a deposition generally is considered reasonable notice if documents are not requested, although the particular circumstances of a case may shorten or lengthen the amount of notice that is considered reasonable. *See Reddy v. Precyse Solutions LLC*, 2015 WL 2081429 (E.D. Cal. 20150); *see also Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C. D. Cal. 2008) (14 days' notice reasonable); *In re. Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) ("ten business days' notice would seem reasonable," but not where the case was exceedingly complex, the case was near to the discovery cut-off, and the schedules of deponents and attorneys would be unable to accommodate the requested dates). When, as here, the notice of deposition requests documents to be produced at the deposition, the noticing party must comply with Rule 34's limits for productions of document and therefore must give 30 days' notice. *See* Fed. R. Civ. P. 30(b)(2), 34(b)(2)(A).

3

Good cause having been shown, defendants' motion for a protective order is GRANTED. Docket # 25. Plaintiff did not provide the reasonable notice of the depositions required by Federal Rule of Civil Procedure 30(b)(1) when, without any effort to coordinate the scheduling of the depositions with defense counsel, he mailed a notice of the depositions with document production requirements ten days before the deposition date, and the notice was received by defense counsel four days before the deposition date.[1] Although the scheduled deposition date has passed, the court now orders that plaintiff may not take the depositions of the defendants unless and until he first meets and confers with defense counsel to select mutually convenient dates for such depositions and then sends a letter to defense counsel identifying the deposition dates, as described in Section C of this order.

As in many cases where there is an incarcerated *pro se* litigant, the court is concerned that the litigant does not understand the need for advance planning of depositions and the need to tend to the costs of such depositions. The court therefore will impose some requirements to avoid the possibility of a deponent appearing for a deposition that plaintiff – who is incarcerated and has very limited funds -- is unable to conduct. Plaintiff must confirm the following in a letter sent to defense counsel at least four days before the date set for each deposition: (1) that plaintiff has hired a court reporter/stenographer who is ready, willing and able to report the deposition; and (2) that plaintiff has obtained permission from jail officials to conduct the deposition on the date and time he has selected. If defense counsel has not received that written confirmation from plaintiff at least two days before the date set for each deposition, the deponent and defense counsel need not appear for the scheduled deposition and may instead timely notify plaintiff of their non-appearance.

<u>Defendants' Motion To Compel Plaintiff's Deposition</u>: Defendants have moved to compel plaintiff's deposition. Docket # 29. Defense counsel served a notice of deposition on plaintiff

---

[1] Plaintiff also scheduled all seven defendants' depositions to occur at the same place and time. Unless plaintiff was planning very short depositions, it was unreasonable for him to set all seven depositions for the same time because that would have entailed a lot of wasted time for defendants who would have had to wait for the depositions of other defendants to conclude. In the future, plaintiff should schedule each defendant's deposition for a particular time so that a prospective deponent does not have to wait an unreasonable time for his or her deposition to start.

4

on May 20, 2015, scheduling his deposition for June 19, 2015.[2] Plaintiff did not serve any objections. In order to accommodate the schedule of plaintiff's criminal defense attorney, the deposition was rescheduled to June 26, 2015. On June 24, plaintiff notified defense counsel by telephone that he would refuse to be deposed on June 26. Plaintiff later argued that he was unprepared because he was unable to review discovery produced by defendants in April 2015 (i.e., the 157 pages of documents and 3 video clips, discussed earlier) and proposed a new deposition date in 30 days. Defendants believed plaintiffs' proposal to be unreasonable because their dispositive motion deadline was August 1, 2015. On June 26, 2015, defense counsel arrived with a court reporter to conduct plaintiff's deposition. Plaintiff refused to attend the deposition. His criminal defense attorney, who was present, indicated that plaintiff was likely to persist in his refusal to testify because he had not yet been able to view the video that defendants had produced.

Upon due consideration, defendants' motion to compel plaintiff's deposition is GRANTED. Docket # 29. Defendants may conduct the deposition of plaintiff on or before **August 20, 2015**. Plaintiff must appear and testify at his deposition regardless of whether he has had an opportunity to view the video evidence defendants have produced to him, regardless of whether he has read all the documents defendants have produced to him, and regardless of any outstanding discovery requests to defendants. Plaintiff is further informed that he has no right to take the deposition of any defendant before his deposition occurs.

<u>Sanctions</u>:    Under Federal Rule of Civil Procedure 37(d), a party may be subject to dismissal or lesser sanctions if the party fails, after being served with proper notice, to appear for that person's deposition. And under Federal Rule of Civil Procedure 37(b), once the court orders a deponent to be sworn or to answer a question and the deponent fails to obey, that failure "may be treated as contempt of court." The sanctions that may be imposed on a party for failing

---

[2] Defendants earlier had scheduled plaintiff's deposition for May 20, 2015. On May 20, defense counsel arrived with a court reporter, but plaintiff refused to be deposed because, according to plaintiff, he had not been served with the deposition notice. Defendants were unable to prove that he had received notice of the May 20, 2015 deposition and therefore re-noticed his deposition for June 19, 2015.

5

to appear for a deposition or for disobeying a court order a deponent to be sworn and/or answer questions, include the following: the disobedient party may be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," pleadings may be stricken, and the action may be dismissed in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A). The disobedient party also may be ordered to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Defendants request that the court impose sanctions on plaintiff due to plaintiff's failure to attend his deposition. Defendants specifically request that the court impose the sanction of staying this action until plaintiff is deposed. *See* Docket # 29 at 5 (citing Fed. R. Civ. P. 37(b)(2)(A)(iv)). This proposed sanction is unnecessary under the circumstances of this case: the court will simply readjust the briefing schedule to give defendants time to depose plaintiff. This proposed sanction also might be less likely to cause plaintiff to *promptly* comply with his duty to appear for and testify at his deposition. Therefore, the sanction of a stay will not be imposed, but the court is fully prepared to impose sanctions for any further refusal to respond to properly propounded discovery or failure to be deposed.

***Plaintiff is now warned that he may be sanctioned if he does not appear at his deposition and/or testify at that deposition***. The sanctions that may be imposed include, without limitation, the dismissal of some or all of plaintiff's claims, an order prohibiting him from supporting his claims with any evidence (including testimony or declarations), and monetary sanctions.

Fifth Amendment: Defendants' filings indicate that plaintiff's criminal defense attorney has been consulted because she wants to be sure he does not inadvertently waive his Fifth Amendment rights during the course of discovery in this action. Plaintiff is now informed that, to the extent he does not want to answer questions based on a reasonable fear of self-incrimination in a criminal case, he can invoke his Fifth Amendment rights, but should note that an adverse inference may be drawn in this civil action from the invocation of such rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976).

6

B.   Miscellaneous Motions

Plaintiff has filed a "motion seeking administrative relief," specifically that defendants comply with California Code of Civil Procedure § 7.11(a). Docket # 20. The motion is DENIED because there is no such section of the California Code of Civil Procedure and, even if there was such a section, the procedural rules of the California Code of Civil Procedure would not govern the conduct of cases in federal court. Local Rule 7-11 of the Northern District of California's Local Rules provides that, when a motion for administrative relief "is manually filed, the moving party must deliver the motion and all attachments to all other parties on the same day as the motion is filed." N. D. Cal. Local Rule 7-11(a); *see also id.* at Rule 7-11(b) (manually filed opposition also "must be delivered to all other parties the same day it is manually filed"). Hand-delivery of motions for administrative relief and oppositions thereto generally is not possible when one of the parties is incarcerated and proceeding *pro se*. Requirements of hand-delivery, such as in Local Rule 7-11, will not be enforced in this case because one of the parties is incarcerated and proceeding *pro se*. Defense counsel failed to serve on plaintiff a copy of the defense administrative motion for administrative relief (Docket # 12) at the time she filed the motion due to a secretarial oversight. *See* Docket # 22-1. Defense counsel is urged to speak to the appropriate secretarial staff to make sure this mistake is not repeated and to specifically explain to such staff that this case requires compliance with the rules for both electronic filing and manual service on the incarcerated plaintiff.

After plaintiff indicated he wanted to further amend to add new defendants, the court ordered him to file his second amended complaint no later than June 12, 2015, or the action would proceed without the new defendant(s). *See* Docket # 19. Plaintiff did not file the second amended complaint by the deadline, so the action will proceed with the amended complaint as the operative pleading.

C.   Scheduling

In light of the parties' discovery disputes which have now been resolved, it is necessary to reset the briefing schedule for dispositive motions so that defendants may take plaintiff's

7

deposition and plaintiff may take defendants' depositions. The court now requires the parties to meet and confer to discuss discovery and resets the briefing schedule for dispositive motions.

      1.      No later than **July 24, 2015**, defense counsel must send to plaintiff a list of dates during the following six weeks when each defendant would be available for a deposition. For each defendant, defense counsel must provide at least two available dates on which that defendant may be deposed.

      2.      No later than **August 3. 2015**, Plaintiff must send to defense counsel a letter in which he identifies the date, time and location for each defendant's deposition. The letter must give at least seven days' notice of the date and time of the deposition of each defendant. Plaintiff also must confirm the following in a letter to defense counsel at least four days before the date set for each deposition: (1) that plaintiff has hired a court reporter/stenographer who is ready, willing and able to report the deposition; and (2) that plaintiff has obtained permission from jail officials to conduct the deposition on the date and time he has selected.

      3.      Defendants may take the deposition of plaintiff no later than **August 20, 2015**. Defendants must provide at least four days' notice of the date and time of the deposition to plaintiff.

      4.      The court now resets the briefing schedule on motions for summary judgment and other dispositive motions. Defendants' motion for summary judgment or other dispositive motion must be filed and served no later than **September 25, 2015**. Plaintiff's opposition to the motion for summary judgment or other dispositive motion must be filed and served on defense counsel no later than **October 23, 2015**. Defendants' reply brief, if any, must be filed and served no later than **November 13, 2015**.

Having determined *sua sponte* that the dispositive motion schedule must be adjusted to deal with the resolution of the discovery disputes, the court DISMISSES as moot defendants' motion for an extension of the deadline to file their dispositive motion. Docket # 31.

IT IS SO ORDERED.

Dated: July 20, 2015

                                                               _____
                                                                SUSAN ILLSTON
                                                           United States District Judge