UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT KEITH BELL,

    Plaintiff,

v.

KEN LEE, et al.,

    Defendants.

Case No. 13-cv-05820-SI

**ORDER RE DISCOVERY DISPUTES**

Re: Dkt. No. 88

Plaintiff Vincent Keith Bell brings this civil rights action against several defendants under 42 U.S.C. § 1983. The Court previously granted summary judgment for defendants on two of Bell's claims. Dkt. No. 48. His excessive force claim remains. *Id.* At the March 2, 2017 case management conference, the Court ordered the parties' counsel to meet and confer on several topics. Civil Minutes (Dkt. No. 77). The parties filed a joint statement indicating that some disagreements could not be resolved at the meet and confer session, and subsequently filed the instant statement of discovery disputes pursuant to the Court's standing order. Joint Status Statement (Dkt. No. 82); Joint Statement Regarding Discovery Disputes (Dkt. No. 88). The Court addresses each dispute separately.

**I. Plaintiff's Requests for Production**

    **A. Prior Incidents Involving Defendants (RFPs 17 and 18)**

Bell requests documents related to any accusations of use of force by defendants against other detainees. Dkt. No. 88, Ex. 1, RFPs 17, 18.[1] Among other assertions, defendants objected

---

[1] Amended RFP 17: "If you have ever been accused of using force against any detainee other than Mr. Bell, all non-privileged documents and communications relating that alleged used use or those alleged uses of force." Dkt. No. 88, Ex. 1.

Amended RFP 18: "All documents and communications relating to any administrative complaint made against you, any internal investigation of you, any SF County Jail grievance

that RFPs 17 and 18 call for confidential and privileged information under California Penal Code § 832.7, "the official information privilege, the investigation privilege, and the deliberative process privilege." *Id.* However, they now state that they are reviewing and producing excessive force complaints against them for the past five years. Dkt. No. 88 at 2-3. Defendants seek a limiting instruction to produce only those records or, alternatively, request that the Court review *in camera* relevant materials older than five years to determine whether they must be produced. *Id.* at 3. Bell argues that the alleged excessive force incident underlying his claim occurred approximately four years ago and that earlier uses of force by defendants are just as relevant as incidents occurring afterward. *Id.* at 1.

In accordance with their agreement, defendants are ordered to produce the excessive force complaints against them for the past five years (April, 2012 - April, 2017) forthwith. In addition, the Court ORDERS that all excessive force complaints against defendants predating April, 2012 be provided to the Court for *in camera* review no later than April 21, 2017.

### B. Identification of Witnesses (RFP 15)

RFP 15 requests "[a]ny visual or audio recordings of any interview conducted by internal affairs with inmates regarding the incident." Dkt. No. 88, Ex. 2 at 10. Defendants state that they "will not produce the names of any inmate witnesses or any recording of their interviews, for fear of retaliation by [Bell] or other prisoners, unless ordered to by the Court." Dkt. No. 88 at 2. Bell argues that he is unable to effectively litigate his case without knowing the identity of the inmates who witnessed the underlying incident, especially because "all jail staff who have testified so far have claimed to have no recollection at all of the incident." *Id.* at 1. He also contends that this objection is speculative because defendants have not identified any specific threat. *Id.* at 2. Bell offered to designate the information as "attorneys'-eyes-only." *Id.*

Although defendants may have legitimate security concerns, they have not proffered any reason why an "attorneys' eyes only" designation would not be sufficient to quell these concerns.

---

against you, or any disciplinary action taken against you related to any use of force, or threatened use of force, on an inmate." *Id.*

2

Therefore, defendants are ORDERED to produce materials responsive to RFP 15 and to designate such materials as "attorneys' eyes only." Bell's counsel shall not share with Bell the information contained in the responsive materials, including the identity of the inmate witnesses, without leave of Court.

### C. Camera Locations & Recording Retention Policy (RFPs 12 and 16)

Bell asserts that defendants produced videos of the incident from three cameras, but "in a recent inspection" Bell's counsel found at least three more cameras in places where the incident occurred. Dkt. No. 88 at 2. Bell now seeks production related to the location of recording devices in place at the time of the incident and defendants' retention policy for recordings. *See* RFPs 12, 16.[2] Defendants claim that they are still trying to locate documents responsive to RFP 12 and that producing such documents could jeopardize jail security. Dkt. No. 88 at 2. They also claim that there are no documents responsive to RFP 16. *Id.* Bell responds that defendants' safety concerns are addressed by the protective order. He also asserts that, based on defendants' counsel's prior statements, it is unlikely that there are no materials responsive to RFP 16. Bell argues that defendants should perform a search for materials related to RFP 16 and detail what they did.

Defendants are ORDERED to produce all materials responsive to RFPs 12 and 16. To the extent that there is a security risk from the disclosure of the location of recording devices four years ago, it is addressed by the parties' protective order. If there are no materials responsive to one or the other of these RFPs, defendants provide a sworn declaration from a person with knowledge of the matter, so stating.

---

[2] RFP 12 seeks "[d]ocuments sufficient to show the location at the time of the incident every visual or audio recording device (e.g., cameras, microphones) in any area within San Francisco County Jail #5 in which any part of the incident took place, including unit 3B, the medical unit, the safety cell, and any hallway between unit 3B and the medical unit, and, if the location of any such devices has changed since the incidents, documents sufficient to show such changes." Dkt. No. 88, Ex. 2.

RFP 16 requests "[d]ocuments sufficient to show any applicable document retention policy, including for visual or audio recordings." *Id.*

3

## II. Cabuag Deposition

Bell seeks a 30 minute continuation of the deposition of Mary Jane Cabuag, a nurse who treated Bell. At the original deposition, Bell's counsel showed Cabuag a photograph that counsel represented was of "Bell being transported into the safety cell" before Cabuag examined him. Dkt. No. 88, Ex. 3 at 61. Bell's counsel asked, "In your opinion, as a nurse, could the manner in which Mr. Bell is being carried in this picture injure his shoulder?" *Id.* Defendants' counsel objected that the question called for speculation and expert testimony, and instructed Cabuag not to answer. *Id.* at 62. Bell's counsel asked variations of the same question and defendants' counsel continued to object and instruct Cabuag not to answer. Cabuag followed that instruction.

Bell argues that the instruction not to answer was improper under Federal Rule of Civil Procedure 30(c)(2). Dkt. No. 88 at 3. Defendants, on the other hand, assert that it is improper to ask Cabuag about any potential medical implications because she is not an expert witness. *Id.* at 4. They seek a limiting instruction to prevent "questions designed to elicit expert testimony from either percipient witnesses or persons who did not witness the incident." *Id.*

The Court agrees with Bell that the instruction not to answer was improper. Defendants can state their objections on the record during the deposition, but cannot instruct the witness not to answer. Whether any testimony resulting from the above line of questioning is admissible at trial is not decided in this order.

His request for a 30 minute continuation of the deposition is GRANTED.

## III. Requests for Admissions

In RFAs 6 through 10, Bell asks each defendant to admit that he "purposely and knowingly used force" against Bell during the incident. Dkt. No. 88, Ex. 4. Each defendant responded by admitting "that he used reasonable force, with 'force' being defined as any touching of Plaintiff during the incident, and 'incident' being defined as the time between when Plaintiff refused to re-enter his cell and the time the door to the safety cell was closed." *Id.* Bell argues that whether defendants "purposely and knowingly used force" is a basic element of excessive force claims, and that whether the force used was reasonable is a separate element. Dkt. No. 88 at 4.

4

Defendants assert that they should not be required to subjectively analyze their conduct because the relevant standard for determining whether the alleged use of force was done "purposely and knowingly" is objective. *Id.*

In support of their arguments, both parties cite to *Kingsley v. Hendrickson*, which held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." 135 S. Ct. 2466, 2473 (2015). The Court also noted that for an excessive force claim to proceed, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind . . . because . . . 'liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.'" *Id.* at 2472 (original emphasis). *Kingsley* held only that an objective standard must be applied to whether the force used was excessive. It did not state that an objective standard should also be used to determine whether a defendant used force "purposely or knowingly." Thus, defendants must answer the RFAs directly.

## IV. Defendants' Proposed Stay

Defendants request that this case be stayed until the end of the pending criminal proceedings against Bell. This request is not properly brought in a discovery dispute. (Indeed, the stay request is at issue in two recently filed motions set to be heard on May 5, 2017. *See* Dkt. Nos. 91, 94.) Therefore, the Court declines to address defendants' request for a stay at this time.

**IT IS SO ORDERED**.

Dated: April 10, 2017

_____
SUSAN ILLSTON
United States District Judge

5