United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL, <br> Plaintiff, <br> v. <br> KEN LEE, et al., <br> Defendants. | Case No. 13-cv-05820-SI <br><br> **ORDER RE (1) MOTION TO QUASH, (2) APPLICATION FOR ORDER TO SHOW CAUSE, AND (3) IN CAMERA REVIEW** <br><br> Re: Dkt. Nos. 91, 94 |

Plaintiff Vincent Keith Bell moves to quash document subpoenas served on his former criminal counsel, Alexandria Carl, and private investigator, Marcel Myres. Motion to Quash (Dkt. No. 91). Defendants filed a Notice and Application for an Order to Show Cause for Contempt of Court Citation for Alexandria Carl and Marcel Myres for Failure to Serve Proper Responses to Rule 45 Subpoenas, or in the Alternative, Motion to Stay Civil Proceedings. Dkt. No. 94. For the reasons discussed below, the Court DENIES plaintiff's motion to quash, GRANTS defendants' request to compel production pursuant to the subpoenas, as modified herein, and DENIES defendants' request for an order to show cause.

**The hearing on defendants' motion to stay remains set for May 12, 2017**. The parties should be prepared to discuss: 1) the current status of the criminal proceeding against plaintiff; 2) the potential implications to plaintiff's Fifth Amendment rights from this case; 3) whether plaintiff opposes a stay in light of the Court's ruling on the motion to quash; and 4) the recently filed discovery disputes (Dkt. Nos. 111, 113). Materials responsive to the subpoenas need not be produced until after the Court hears and resolves the motion to stay.

Additionally, the parties previously filed a discovery dispute regarding production of documents related to past use of force accusations against defendants. Dkt. No. 88. The Court ordered defendants to produce excessive force complaints against them for the past five years (April 2012 – April 2017) and agreed to review *in camera* any complaints predating April 2012. Dkt. No. 99. Defendants produced materials for *in camera* review on April 21, 2017. Having reviewed the materials, the Court ORDERS defendants to produce to plaintiff the SFSD Internal Affairs Files A09132 (bates stamped 502 – 678) and A08166 (bates stamped 999 – 1013).

## BACKGROUND

Since December 2012, Bell has been in the custody of the San Francisco Sheriff's Department at the San Francisco County Jail awaiting trial on pending criminal charges.[1] In December 2013, he filed this action under 42 U.S.C. § 1983 alleging that several deputies at the jail used excessive force against him on August 13, 2013.[2] Dkt. Nos. 1, 5. Bell proceeded *pro se* in this matter until counsel was appointed on October 24, 2016. Dkt. No. 68. The issues related to the pending motions arise from events occurring before the appointment of counsel.

Defendants initially noticed Bell's deposition for June 26, 2015. Declaration of Elizabeth K. McCloskey (Dkt. No. 91-1), Ex. 1 (Dkt. No. 91-2). The deposition subpoena requested that Bell bring various documents, including "[a]ll photographs related to or relevant to the subject matter of the incidents alleged . . . ." *Id.* Bell purportedly did not have access to a computer to review defendants' electronic discovery and he did not appear for deposition on that date. McCloskey Decl., Ex. 2 at 5:20 – 6:7. However, Alexandria Carl, Bell's criminal defense counsel at the time, appeared and stated, "[M]y attendance at his deposition is solely for the purpose of

---

[1] *The People of the State of California v. Brackens, et al.*, Case No. 12031967. Defendants indicated that trial was scheduled to begin April 21, 2017. Declaration of Susan J. Kawala (Dkt. No. 95) ¶ 3. Bell is currently appearing *pro per* in the criminal matter.

[2] Bell also alleged claims for retaliation and due process violations during disciplinary hearings. The Court previously granted defendants' motion for partial summary judgment on these claims. Dkt. No. 48.

ensuring the exercise of his Fifth Amendment rights as it relates to his pending criminal matter." *Id.* at 5:16-19.

On August 13, 2015, defendants deposed Bell. *See* McCloskey Decl., Ex. 3; First Declaration of Brian P. Ceballo (Dkt. No. 96), Ex. A. Carl appeared on Bell's behalf, but the parties seemingly dispute whether her role was again limited to asserting Bell's Fifth Amendment rights. *See* Pl.'s Motion to Quash (Dkt. No. 91) at 3; Ceballo Decl. ¶¶ 4-5. In response to defendants' request, Bell asked Carl to bring certain materials in her possession to the deposition and he did not review the materials before the deposition. McCloskey Decl., Ex. 3 at 18:20-24, 21:7-9. Among these materials, Bell presented 16 photographs (three duplicates), which were marked as deposition Exhibits A-1 through A-13. *Id.* at 22:5-6. Bell represented that the photographs showed his injuries resulting from the alleged use of excessive force. *See, e.g.*, *id.* at 24:18-25, 25:1-10, 28:22-23. When asked when the photographs were taken, Bell stated August 14, 2013—the day after the underlying incident. *Id.* at 21:22-25, 23:9-11, 27:23-25. He also asserted that his investigator took the photographs. *Id.* at 33:1-4.

In preparation for a deposition subpoena, counsel for defendants requested and received from Carl the contact information for Marcel Myres, the former private investigator for Bell's criminal case. Second Declaration of Brian P. Ceballo, Ex. B (Dkt. No. 101-3). On October 7, 2015, defendants served a subpoena on Myres, Bell's private investigator for his criminal case, seeking production of "[a]ny and all billing records for the period of time June 2013 through September 2013 pertaining to work performed on behalf of Alexandria Karl as it relates to plaintiff Vincent Keith Bell." McCloskey Decl., Ex. 4 (Dkt. No. 91-5). That day, Carl emailed defendants' counsel that she had instructed Myres not to disclose any privileged materials or work product, including copies of his billing records and communications with Carl. Second Ceballo Decl., Ex. B.

On December 14, 2015, defendants deposed Myres.[3] McCloskey Decl., Ex. 6 (Dkt. No. 91-7); Second Ceballo Decl., Ex. D (Dkt. No. 101-5). It appears that no one attended the

---

[3] Bell claims that he did not receive notice of Myres's deposition. Pl.'s Mot. to Quash at 4. However, defendants produced the notice of Myres's December 14, 2015 deposition served on

3

United States District Court
Northern District of California

1   deposition on behalf of Bell. *Id.* Myres testified that he took the photographs of Bell in June
2   2013, but was not certain about the date. McCloskey Decl., Ex. 6 at 11:5-10, 24:17-15. Myres
3   also stated that he ended his work on Bell's case in "late July 2013." *Id.* at 10:13.

4   Given the discrepancy in Bell's and Myres's testimony regarding the dates the photographs
5   were taken, defendants issued document subpoenas to Carl and Myres seeking billing records and
6   invoices. From Myres, defendants subpoenaed "[i]nvoices and billing records pertaining to
7   photographs taken of Vincent Bell in 2013." McCloskey Decl., Ex. 7 (Dkt. No. 91-8). From Carl,
8   defendants seek "[i]nvoices and billing records pertaining to photographs taken of Vincent Bell in
9   August of 2013." McCloskey Decl., Ex. 8 (Dkt. No. 91-9). Carl and Myres filed objections to the
10  subpoenas, asserting that the material was covered by the attorney-client privilege and work
11  product doctrine. Kawala Decl., Exs. C, D. Defense counsel then requested that Carl and Myres
12  provide a privilege log. Kawala Decl., Exs. E, F. Carl responded on behalf of herself and Myres,
13  stating that a privilege log is not necessary because "[t]here is no question that invoices and billing
14  records, which would describe the nature of the services provided, are protected." Kawala Decl.,
15  Ex. G.

16  Bell now moves to quash the subpoenas, arguing that they seek material covered by the
17  attorney-client privilege. Pl.'s Mot. to Quash (Dkt. No. 91). Defendants request an order to show
18  cause why Carl and Myres should not be held in contempt of court for failure to provide privilege
19  logs and, alternatively, move to stay these civil proceedings pending the termination of the
20  criminal case against Bell. Defs.' Mot. (Dkt. No. 94).

## LEGAL STANDARD

23  "[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v.*
24  *Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "Parties may obtain discovery regarding any
25  nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

---

28  plaintiff on October 30, 2015. Second Ceballo Decl., Ex. C (Dkt. No. 101-4).

4

of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). A court must limit the scope of discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(C), a party may serve upon a non-party a subpoena, commanding the non-party to produce documents. Upon receipt of the subpoena, the non-party may file a motion to quash or modify the subpoena with the issuing court. Fed. R. Civ. P. 45(d)(3); *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010). Under Rule 45(d)(3), the district court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3). The party seeking to quash a subpoena bears the "burden of persuasion." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, at *4 (N.D. Cal. May 2, 2012); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

## DISCUSSION

The Court must decide whether the requested invoices and billing records are covered by the attorney-client privilege and, if so, whether Bell waived that privilege. The Ninth Circuit has

"recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). However, "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." *Id.*

Plaintiff is correct that billing records and invoices in general may contain privileged information. However, at the core of their request, defendants are seeking Carl's and Myres's billing records to establish the date on which the photographs were taken. Unlike plaintiff's cited case, defendants here already know the "specific nature of the services provided": taking photographs of Bell. *See Real v. Continental Group, Inc.*, 116 F.R.D. 211, 214 (N.D. Cal. 1986). Both Bell and Myres disclosed that Myres took the photographs at issue. Bell has not put forth any reason for why the privilege should apply to the date that service was rendered. The Court finds that, at least under these circumstances, disclosing the date that the photographs were taken as reflected in the billing records and invoices will not reveal Bell's litigation strategy or the specific nature of the services provided. Therefore, this information is not privileged and the Court need not reach the issue of waiver.

Bell also argues that defendants have no need for the requested information because he has offered to not rely on the photographs in any way in this case so long as defendants withdraw the subpoenas. Pl.'s Mot. to Quash at 7. Although Bell's offer obviates defendants' need to defend against the use of the photographs as affirmative proof of Bell's excessive force claim, it does not address the issue of Bell's credibility. Thus, the requested material is still relevant, despite Bell's offer to not rely on the photographs. Whether or not the subpoenaed materials are ultimately admissible at trial is an issue for another day, but they are at least discoverable.

However, the Court finds it appropriate to modify the subpoenas. Defendants state that the "documents requested in this case pertain to billing records only related to when the 16 photographs, offered as evidence by Plaintiff, were taken." Defs.' Opp'n (Dkt. No. 100) at 5. Yet

the subpoenas are not so narrowly drawn. Rather, they seek the records related to any photographs taken of Bell (rather than just those produced at his deposition) in either August 2013 or all of 2013. Defendants are not entitled to production of billing records to the extent that they reveal other services provided by Bell's former criminal defense team or Bell's litigation strategy. *See Clarke*, 974 F.2d at 129. Therefore, the subpoenas are modified to request the following:

> Invoices and billing records pertaining to only the photographs identified by Bell during his deposition (marked deposition Exhibits A-1 through A-13).

If further clarification is needed, these photographs are available on the record in this case. *See* Second Ceballo Decl., Ex. A (Dkt. No. 101-2). Any information unrelated to the photographs at issue that is reflected on responsive billing records and invoices may be redacted.

Finally, the Court denies defendants' application for an order to show cause for why Carl and Myres should not be held in contempt for failure to produce documents or serve privilege logs. A contempt of court citation is not warranted here. Defendants cannot reasonably argue that they do not know the nature of the documents withheld such that they have been prejudiced by not receiving a privilege log.

## CONCLUSION

The Court, therefore, DENIES plaintiff's motion to quash, GRANTS defendants' request to compel production in accordance with the subpoenas, as modified by this Order, and DENIES defendants' request for an order to show cause for contempt of court citation. The hearing on defendants' request to stay this action remains set for hearing on May 12, 2017. Carl and Myres need not produce materials responsive to the subpoenas until after the Court issues a decision on the motion to stay.

**IT IS SO ORDERED**.

Dated: May 11, 2017

_____
SUSAN ILLSTON
United States District Judge