UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN LEE, et al.,<br><br>    Defendants. | Case No. 13-cv-05820-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 178 |

Now before the Court is plaintiff's motion for leave to amend his complaint to add a *Monell* claim against the City and County of San Francisco. Dkt. No. 178. The Court held a hearing on the matter on June 23, 2023.

**BACKGROUND**

Plaintiff Vincent Bell has been a pretrial detainee in the custody of the San Francisco County Jail since 2012. Dkt. No. 48 at 2. This lawsuit stems from an incident on August 13, 2013, in which plaintiff alleges that officers at the jail used excessive force against him.[1]

On December 16, 2013, plaintiff filed his first complaint, *pro se,* against various individual officers at the jail whom he alleges were involved in the August 13 incident. Dkt. No. 1. On September 16, 2014, plaintiff amended his complaint. Dkt. No. 5. Plaintiff alleged (1) a due process violation based on the use of excessive force, (2) retaliation based on adverse actions taken after he filed his complaint with the office of investigative services about the excessive force incident, and

---

[1] In his complaint and amended complaint, plaintiff alleged that the force was used on September 22, 2013. However, in a later filing, plaintiff stated that he had the wrong date, and that the force had been used on August 13, 2013. Dkt. No. 48 at 1.

1  (3) due process violations based on his disciplinary hearings. Dkt. No. 48 at 1. On March 31, 2015, plaintiff moved to amend to change the date of the alleged incident and to add one or more new defendants. Dkt. No. 10.

On May 8, 2015, the Court denied plaintiff's motion to amend because plaintiff did not attach the proposed second amended complaint. Dkt. No. 19 at 1. The Court provided instruction on what plaintiff needed to allege in order to add new defendants and gave plaintiff a deadline of June 12, 2015, to file the second amended complaint "or the action [would] proceed without the new defendant(s)." *Id*. at 2.

On August 31, 2015, plaintiff filed a "motion to correct error" to amend his pleading and add an Americans with Disabilities Act ("ADA") claim. Dkt. No. 36. On September 24, 2015, defendants moved for partial summary judgment on plaintiff's retaliation claim and claim for due process violations in disciplinary proceedings. Dkt. No. 38 at 1. Plaintiff opposed. Dkt. No. 46.

On February 10, 2016, the Court denied plaintiff's "motion to correct error," finding that it was "actually a very tardy effort to amend his pleadings to add a claim under the Americans with Disabilities Act." Dkt. No. 48 at 17. The Court granted defendants' motion for partial summary judgment, leaving plaintiff's excessive force claim as the one remaining claim to be adjudicated. *See id.* at 16.

On October 24, 2016, the Court appointed counsel to represent plaintiff. Dkt. No. 68 at 1. On March 31, 2017, defendants moved to stay this case. Dkt. No. 94. On May 12, 2017, following a hearing, the Court granted the motion to stay in light of the pending criminal proceedings, in which plaintiff was then unrepresented. Dkt. No. 117. On February 19, 2019, the Court administratively closed the case. Dkt. No. 152.

In the meantime, in March 2022, plaintiff (represented by different counsel) proceeded to trial before the Court on a separate civil matter for an incident that occurred at the jail in 2018. *See Bell v. Williams,* No. 3:18-cv-01245-SI (N.D. Cal., filed Feb. 26, 2018). Following a jury trial and briefing and a hearing on injunctive relief, plaintiff prevailed on a *Monell* claim against the City and County of San Francisco and was awarded compensatory damages and an injunction. *See Bell v. Williams,* No. 3:18-cv-01245-SI, Dkt. Nos. 228, 267.

2

1    On November 17, 2022, plaintiff moved to reopen this case, over defendants' objection.
2    Dkt. Nos. 156, 158. On November 28, 2022, the Court reopened the case. Dkt. No. 159. On
3    December 9, 2022, plaintiff moved to lift the stay. Dkt. No. 161. Defendants opposed. Dkt. No.
4    163. On January 20, 2023, the Court granted plaintiff's motion to lift the stay. Dkt. No. 166.

5    On March 17, 2023, in a joint case management statement, plaintiff stated his intent to file
6    a motion for leave to amend his complaint to add a *Monell* claim against the City and County of San
7    Francisco ("the City"). Dkt. No. 173 at 5. On April 25, 2023, plaintiff propounded six requests for
8    production and served a Rule 30(b)(6) notice of deposition related to the *Monell* claim. Dkt. No.
9    178-1, Lee Decl. ¶ 4.

10   On May 12, 2023, plaintiff filed the present motion for leave to amend his complaint to add
11   a *Monell* claim against the City. He states, "Mr. Bell learned of the City's unconstitutional policies,
12   customs and practices, and failures to train staff regarding proper safety cell use and the transport
13   of inmates with disabilities, which gave rise to a *Monell* claim through his separate, successful civil
14   case, *Bell v. Williams et al.*, No. 3:18-cv-01245-SI (N.D. Cal.), while this case was stayed." Dkt.
15   No. 178, Mot. at 2. Defendants oppose, arguing that plaintiff has not shown "good cause" under
16   Federal Rule of Civil Procedure 16 and that plaintiff has also failed to meet the factors for
17   amendment under Rule 15. Dkt. No. 181, Opp'n.

18   On June 23, 2023, the Court held a hearing on the matter. For the reasons set forth below,
19   the Court GRANTS plaintiff's motion to amend the complaint.

20

21   **DISCUSSION**

22   **I.    Amending Pleadings**

23   As a threshold matter, the parties dispute which legal standard the Court should apply.
24   Plaintiff argues the Court should apply Federal Rule of Civil Procedure Rule 15(a)(2) because the
25   deadline of June 12, 2015, was not the overall deadline for plaintiff to amend pleadings in this case.
26   Dkt. No. 184, Reply at 7. Defendants argue the Court should apply Rule 16(b)(4) because the June
27   12, 2015 deadline was the final deadline for plaintiff to amend his complaint. Opp'n at 7. Under
28   the facts presented here, where plaintiff did not meet the previously set amendment deadline of June

3

1   12, 2015, and where this case has been pending for many years, the Court will apply Rule 16(b)(4).

2   Under Rule 16(b)(4), a scheduling order may not be modified without a showing of "good
3   cause." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement primarily considers the "diligence
4   of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609
5   (9th Cir. 1992). While the degree of prejudice to the opposing party may "supply additional reasons
6   to deny the motion, the focus of the inquiry is upon the moving party's reason for seeking
7   modification." *Id.* If the party can show good cause, they must also demonstrate amendment is
8   proper under Rule 15(a)(2). *Mammoth Recreations,* 975 F.2d at 608 (citing *Forstmann v. Culp*, 114
9   F.R.D. 83, 85 (M.D.N.C. 1987)).

10  Under Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."
11  Fed. R. Civ. P. 15(a)(2). Factors courts weigh in determining whether leave should be granted under
12  Rule 15(a)(2) include undue delay, bad faith, futility, and prejudice to the opposing party. *Griggs*
13  *v. Pace Am. Group, Inc.*, 170 F.3d 877, 890 (9th Cir. 1999); *see also Hurn v. Retirement Fund Tr.*
14  *of Plumbing. Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981). However, "prejudice
15  to the opposing party" is the most important factor under a Rule 15(a)(2) analysis. *Jackson v. Bank*
16  *of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).

17

18  **II.    Plaintiff Has Shown "Good Cause" under Rule 16(b)(4).**

19  Defendants argue plaintiff was not diligent because it has been eight years since the June 12,
20  2015 amendment deadline and plaintiff's claim arises out of facts that have been known since 2013.
21  Opp'n at 7. Plaintiff argues he could not have amended his complaint by June 12, 2015, since he
22  did not "learn of the City's policies, customs, and practices, and failure to train" until March 2022,
23  while this case was stayed. Reply at 8.

24  In *Athwal v. County of Stanislaus*, the plaintiffs moved for leave to amend after learning new
25  information in their criminal trial that took place while their civil case was stayed. No. 1:15-cv-
26  00311-TLN-BAM, 2020 WL 4339593, at *2 (E.D. Cal. July 28, 2020). The court granted the
27  motion for leave to amend, disagreeing with the defendants that the plaintiffs had not been
28  reasonably diligent under Rule 16 when they moved to amend the complaint roughly six weeks after

4

1   the stay was lifted. *Id.* at * 2. The same line of reasoning applies here. Plaintiff persuasively asserts
2   that he did not know of the City's policies and customs until the *Williams* trial. Mot. at 4. Once the
3   Court lifted the stay in this case, the parties stipulated to continue the case management conference
4   to accommodate a change in counsel on the defense team. *See* Dkt. No. 170. Plaintiff notified
5   defendants of his intent to seek leave to add the *Monell* claim in preparation for the first case
6   management conference after the stay was lifted. *See* Dkt. No. 173 at 5. Plaintiff's counsel has also
7   filed a declaration stating that on March 31, 2023, they asked whether defendants would oppose
8   plaintiff's amending the complaint to add the *Monell* claim, and that defense counsel responded in
9   the negative on May 5, 2023. Lee Decl. ¶¶ 3, 5. Under the timeline presented here, the Court finds
10  plaintiff has shown reasonable diligence in seeking to amend the complaint.

11  The Court also finds good cause exists because plaintiff has never amended his complaint
12  with the assistance of counsel. The Court appointed counsel for plaintiff on October 24, 2016, more
13  than a year <u>after</u> the deadline the Court set to amend the pleadings. Dkt. No. 68 at 1. Counsel was
14  in the middle of preparing for a July 2017 trial date when, on March 31, 2017, defendants moved to
15  stay this case. Dkt. No. 94. On May 12, 2017, this case was stayed. Dkt. No. 117. Defendants
16  argue, *inter alia*, that plaintiff's counsel should have discovered the facts underlying the *Monell*
17  claim after their appointment but before the case was stayed; the Court declines to make such a
18  finding today.

19  In sum, given that plaintiff filed the operative complaint *pro se*, that the facts underlying the
20  *Monell* claim were discovered while this case was stayed, and that counsel acted with reasonable
21  diligence in seeking leave to amend after the stay was lifted, the Court finds plaintiff has shown
22  good cause to amend his complaint under Rule 16.

23

24  **III.    Under Rule 15(a)(2), the Court Finds No Prejudice, Undue Delay, or Futility.[2]**
25      **A.    Prejudice**
26  Defendants argue they will be prejudiced if the motion for leave to amend is granted because
27
28  ---
[2] Defendants do not argue bad faith, and thus the Court does not address that factor.

1  discovery will need to be re-opened and "memory concerning the underlying policies and training
2  has long since faded." Opp'n at 8-10. Plaintiff argues defendants will not be prejudiced because
3  the new claim is "closely related to the claim that has already been litigated for years." Mot. at 5.
4  Plaintiff also states that much of the discovery that he will need overlaps with the discovery already
5  sought from defendants. *Id.*

6  The prejudice to the opposing party must be "substantial" to overcome Rule 15(a)(2)'s
7  liberal policy allowing amendment. *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530 (N.D.
8  Cal. 1989). For instance, prejudice may exist in circumstances when the addition of the new claims
9  would "greatly alter the nature of litigation" and would require the opposing party to take an
10 "entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079
11 (9th Cir. 1990). "A need to reopen discovery and therefore delay the proceedings" may also support
12 "a district court's finding of prejudice." *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d
13 980, 986 (9th Cir. 1999). However, "neither [a] delay resulting from the proposed amendment, nor
14 the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient
15 showing of prejudice." *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, No. C 06-3359 JF (RS),
16 2009 WL 667171, at *2 (N.D. Cal. Mar. 10, 2009).

17 While the parties may need to conduct more discovery for the *Monell* claim, defendants have
18 not made a showing of substantial prejudice. Having reviewed the proposed amendment, the Court
19 is satisfied that the *Monell* claim would not "greatly alter the nature of litigation," as the facts that
20 underly the claim arise out of the same incident that has already been litigated from the outset of
21 this case. Plaintiff has served defendants with a limited amount of discovery in relation to the *Monell*
22 claim: six requests for production and one Rule 30(b)(6) deposition of the City. *See* Lee Decl. ¶ 4.
23 In his reply brief, plaintiff clarifies that he does not intend to re-depose the individual defendants.[3]
24 Reply at 2. Trial is not set until March 2024, leaving ample time for limited discovery on the *Monell*
25 claim without altering the trial date.

---

[3] Defendants state in their papers that the "individual deputies have already testified in years-old depositions that they could not recall the policies in place at the time of the incident." *See* Opp'n at 10.

1    Defendants' argument regarding faded memories is likewise unpersuasive, given
2 defendants' repeated efforts to stay the litigation in this case. Defendants moved for the stay back
3 in March 2017, opposed the administrative re-opening of this case in November 2022, and opposed
4 plaintiff's motion to lift the stay in December 2022. *See* Dkt. Nos. 94, 158, 163. As plaintiff points
5 out, it would be inequitable for plaintiff's claim not to be heard based on defendants' "concerns
6 regarding faded memories, when Defendants have been in favor of the stay that has supposedly
7 jeopardized those memories." *See* Reply at 4 (internal quotation marks omitted).

8    Accordingly, the Court finds that defendants are not substantially prejudiced by the proposed
9 amendment.

### B.    Undue Delay

Defendants argue there is undue delay because plaintiff knew or should have known about the *Monell* theory of liability "at least by the time he brought his ADA complaint in August 2015." Opp'n at 11. Plaintiff argues there is no undue delay because he timely moved to amend his complaint on May 12, 2023, after the stay was lifted. Mot. at 4; Reply at 4.

Generally, courts will consider whether "the moving party knew or should have known of the facts and theories raised by the amendment in the second pleading" to determine if there was undue delay. *Jackson*, 902 F.2d at 1388. Courts may also consider whether the moving party is justified in their delay. *Id.*

Here, plaintiff has not unduly delayed in filing for leave to amend his complaint. As discussed in Section II, *supra*, plaintiff did not know of the facts underlying his *Monell* theory of liability until he heard testimony during his *Williams* trial while this case was stayed. Mot. at 3. Specifically, plaintiff cites "the testimony of Deputy Ronald Malabed that the City and County of San Francisco did not train employees on how to perform safety cell placements for inmates with disabilities" and "the testimony of former staff psychologist Dr. Kate Hellenga that the safety cell was not always used for its intended purpose of being a last resort . . . ." *Id.* Plaintiff moved with reasonable diligence in filing for leave to amend once the stay was lifted. *See* Section II, *supra*. And as previously noted, plaintiff has not previously amended his pleadings with the assistance of

7

1 counsel. *Id.*

2 For all of these reasons, the Court finds plaintiff has not engaged in undue delay in moving
3 to amend.

### C. Futility

An amendment is futile if the court determines "that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (internal quotation marks omitted). However, generally courts defer consideration of "challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *LF Centennial Ltd. v. Z-Line Designs, Inc.*, No. 16cv929 JM (NLS), 2018 WL 3533251, at *3 (S.D. Cal. July 23, 2018) (quoting *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-04708-VRW, 2006 WL 3093812, at * 2 (N.D. Cal. Oct. 31, 2006) (internal quotation marks omitted). "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that denial of leave to amend on futility grounds is rare." *Id.* (quoting *Contasti v. City of Solana Beach*, No. 09cv1371-WQH-BLM, 2010 WL 318404, at *2 (S.D. Cal., Jan. 20, 2010)).

Defendants' arguments on this factor go entirely to the merits of plaintiff's proposed amendment. They assert that plaintiff's proposed amendment "alleges no new facts to support the new claim," and they make passing reference to the statute of limitations. *See* Opp'n at 12. They also argue that plaintiff's claim cannot survive summary judgement. *Id.* at 12-13. The Court finds that these arguments are not reasons to find the proposed amendment futile at this stage of the case. A briefing schedule and hearing on dispositive motions has been set for this fall. Dkt. No. 187. The issue of whether plaintiff has stated a claim under a *Monell* theory liability and whether the statute of limitations bars his claim are issues more appropriately decided at a later stage in litigation, once further discovery and expert reports are complete.

### D. The "Previous Amendment" Factor

Finally, defendants are correct that "repeated failure to cure deficiencies by amendments

8

previously allowed" may weigh against plaintiff in their motion for leave to amend under Rule 15(a)(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, as plaintiff points out, plaintiff has not attempted to file a *Monell* claim before. *See* Reply at 8. The Court finds the previous amendment factor inapplicable under the facts presented here.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for leave to file a second amended complaint. The second amended complaint shall be filed **no later than June 30, 2023.** Defendants shall respond to the *Monell* discovery that plaintiff has already served.

**IT IS SO ORDERED**.

Dated: June 27, 2023

_____
SUSAN ILLSTON
United States District Judge