UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN LEE, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-05820-SI<br><br>**ORDER: GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SAC; GRANTING DEFENDANT'S MOTION TO REOPEN DISCOVERY; RE-SETTING PRETRIAL DATES**<br><br>Re: Dkt. Nos. 195, 205, 207, 208 |

Defendant City and County of San Francisco (the "City") has moved to dismiss plaintiff Vincent Bell's second cause of action (42 U.S.C. § 1983 – *Monell* Liability and Supervisory Liability against the City and County of San Francisco) from the second amended complaint. Dkt. No. 195. The City also moves to re-open discovery to allow it to gather additional information related to the *Monell* claim. Dkt. No. 205. The parties have raised various other discovery disputes that they wish the Court to resolve. Dkt. No. 207.

These matters came on for hearing on September 8, 2023.

**BACKGROUND**

Plaintiff Vincent Bell has been a pretrial detainee in the custody of the San Francisco County Jail since 2012. Dkt. No. 48 at 2. This lawsuit stems from an incident on August 13, 2013, in which plaintiff alleges that officers at the jail used excessive force against him.[1] On December 16, 2013,

---

[1] In his complaint and amended complaint, plaintiff alleged that the force was used on September 22, 2013. However, in a later filing, plaintiff stated that he had the wrong date, and that the force had been used on August 13, 2013. Dkt. No. 48 at 1.

1    plaintiff filed his first complaint, *pro se,* against various individual officers at the jail whom he
2    alleges were involved in the August 13 incident. Dkt. No. 1. On September 16, 2014, plaintiff
3    amended his complaint. Dkt. No. 5. Following defendants' motion for partial summary judgment,
4    plaintiff's excessive force claim remained the one claim to be adjudicated. *See id.* at 16.

5    On October 24, 2016, the Court appointed counsel to represent plaintiff. Dkt. No. 68 at 1.
6    In May 2017, the Court granted defendants' motion to stay the case, in light of plaintiff's pending
7    criminal proceedings. Dkt. No. 117.

8    In the meantime, in March 2022, plaintiff (represented by different counsel) proceeded to
9    trial on a separate civil matter for an incident that occurred at the jail in 2018. *See Bell v. Williams,*
10   No. 3:18-cv-01245-SI (N.D. Cal., filed Feb. 26, 2018). Following a jury trial and briefing and a
11   hearing on injunctive relief, plaintiff prevailed on a *Monell* claim[2] against the City and was awarded
12   compensatory damages and an injunction. *See id.*, Dkt. Nos. 228, 267.

13   On November 17, 2022, plaintiff moved to reopen this case, over defendants' objection.
14   Dkt. Nos. 156, 158. The Court reopened the case and, on January 20, 2023, granted plaintiff's
15   motion to lift the stay. Dkt. Nos. 159, 166.

16   On March 17, 2023, in a joint case management statement, plaintiff stated his intent to file
17   a motion for leave to amend his complaint to add a *Monell* claim against the City. Dkt. No. 173 at
18   5. On June 27, 2023, following briefing and a hearing, the Court granted plaintiff's motion to file
19   the second amended complaint ("SAC") to add the City as a defendant and to assert a claim of
20   *Monell* liability against the City. Dkt. No. 192. Plaintiff filed the SAC on June 30, 2023. Dkt. No.
21   193.

22   The City now moves to dismiss the second cause of action (the *Monell* claim) from the SAC,
23   under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 195. The City argues: (1) that the claim
24   is time-barred, and (2) that the allegations of the SAC fail to state a claim. The City has also moved
25   to re-open discovery related to the *Monell* claim. Dkt. No. 205. Trial in this case is set to begin
26   March 4, 2024.

27
28   ---
     [2] *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under Rule 12(b)(6), a claim may be dismissed based on the statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

# DISCUSSION

## I. Motion to Dismiss

### A. Statute of Limitations

The statute of limitations for claims under 42 U.S.C. § 1983 is "the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, the statute of limitations for personal injury claims is two years. *Id.* While state law sets the statute of limitations period, federal law determines when a claim accrues. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)). "The discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (per curiam) (citing *Bibeau v. Pacific Nw. Research Found.*, 188 F.3d 1105, 1108 (9th Cir. 1999), *amended*, 208 F.3d 831 (9th Cir. 2000)). A plaintiff who does not actually know that his rights were violated will be barred from bringing his claim after the running of the statute of limitations if he should have known in the exercise of due diligence. *See Bibeau*, 188 F.3d at 1108.

As one district court has recently noted, "The question of when a *Monell* claim accrues turns out to be a thornier issue than one might imagine." *Boyer v. Clinton Cty. Sheriff's Off.*, --- F. Supp. 3d ----, No. 22-cv-212, 2022 WL 17552242, at *5 (S.D. Ohio Dec. 9, 2022). "Lower courts have divided into two camps. In the first, courts hold that a *Monell* claim accrues when the underlying conduct giving rise to potential *Monell* liability occurred." *Id.* (collecting cases). "In the second camp, courts follow what they often call a 'delayed accrual' theory. . . . Under this theory, a *Monell* claim does not accrue until a plaintiff is at least on inquiry notice that the conduct the plaintiff experienced is part of some pattern or practice sufficient to give rise to *Monell* liability." *Id.* (collecting cases). The Ninth Circuit has not addressed this question. *See Marlowe v. City & Cty. of San Francisco*, 753 F. App'x 479 (9th Cir. 2019) (declining to address whether a *Monell* claim accrues upon the incurring of the injury or when the plaintiff knew or reasonably should have known

4

that an official custom or policy caused the injury); *see also Caples v. City of Phoenix*, 804 F. App'x 595 (9th Cir. 2020) (same).

Here, the City advocates for the former approach, citing the Supreme Court's decision in *Wallace v. Kato*, 549 U.S. 384 (2007). There, the Supreme Court analyzed the accrual period for a § 1983 claim that was analogous to the common law tort of false imprisonment (i.e., not a *Monell* claim). The Supreme Court explained, "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991)).

Plaintiff, meanwhile, urges application of a delayed accrual theory in the *Monell* context, relying mainly on the district court decisions in *Wilson v. Hays*, 228 F. Supp. 3d 1100 (S. D. Cal. 2017), and *Estate of Jackson v. City of Modesto*, No. 21-cv-0415 AWI EPG, 2021 WL 4819604 (E.D. Cal. Oct. 14, 2021). Both *Wilson* and *Estate of Jackson* rely on the Second Circuit's decision in *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995). *Pinaud*, as the City notes, has since been called into question. It was decided before the Supreme Court's decision in *Wallace*, and the Second Circuit in an unpublished order has since declined to endorse that portion of *Pinaud* allowing for delayed accrual of a *Monell* claim. *See Lawson v. Rochester City Sch. Dist.*, 446 F. App'x 327, 329 (2d Cir. 2011). Additionally, in *Estate of Jackson*, the city defendant did "not argue that *Pinaud* or *Wilson* were wrongly decided or that the Court should not follow this line of cases." 2021 WL 4819604, at *10. The district court in *Estate of Jackson* thus decided the issue in the absence of any briefing to the contrary.

Given the lack of controlling authority regarding when a *Monell* claim accrues, the Court cannot find that "the running of the statute is apparent on the face of the complaint." *See Von Saher*, 592 F.3d at 969. As discussed at the hearing, the Court will not dismiss the *Monell* claim at this time on statute of limitations grounds but will instead allow the parties to obtain further discovery,

5

*see infra*, so that this matter may be resolved on a fuller factual record.³  The Court DENIES the City's motion to dismiss on statute of limitations grounds.

### B. Failure to State a Claim

The City also argues that the *Monell* claim should be dismissed for failure to state a claim. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.  *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).  To establish an official policy that would give rise to *Monell* liability, a plaintiff must allege facts to support one of the following to survive dismissal of its claim: (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; or (3) a final policy-maker's involvement in, or ratification of, the conduct underlying the violation of rights.  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

The SAC incorporates the handwritten allegations from plaintiff when he filed his prior pro se complaint, as well as additional allegations related to the *Monell* claim.  In the handwritten allegations, plaintiff describes how the individual officers used physical force on him while he was on his way back to his cell, and that he was then put in a safety cell, where the officers forced him face down and continued to, in plaintiff's words, "torture" him.  SAC at 5-6.  The following day, a jail psychiatrist came to interview plaintiff to ask why he was in the safety cell.  *Id.* at 6.  After he

---

³ If plaintiff is correct in his statement of the law, then numerous factual disputes remain, which would be inappropriate for resolution on a motion to dismiss.  These disputes include: precisely *when* plaintiff knew or reasonably should have known that the City's custom or policy caused his injury; and whether plaintiff exercised diligence in discovering the facts bearing on his *Monell* claim.  The Court declines plaintiff's invitation to convert the motion to dismiss into a motion for summary judgment for the purposes of resolving the statute of limitations issue.

6

1    told her what happened, the psychiatrist told plaintiff he "was not never supposed to be in the safety
2    cell as [he] didn't want to hurt myself or others[.]  She let [him] right out of the safety cell in less
3    than 24 hours[,]" despite the fact that jail policy required anyone put in the safety cell to remain
4    there for 24 hours.  *Id.*   The SAC goes on to allege that the City's staff "have a policy and custom
5    of misusing and authorizing the misuse of the safety cells for disciplinary reasons rather than for
6    their intended use."  *Id.* at 8 ¶ 4.  The SAC further alleges that City staff "were never trained on how
7    to transport inmates with disabilities to the safety cells."  *Id.* at 8 ¶ 5.

8        The City contends that plaintiff's allegations are conclusory.  The Court agrees.  Proof of
9    random acts or isolated incidents of unconstitutional action by a non-policymaking employee is
10   insufficient to establish the existence of a municipal policy or custom.  *See Rivera v. County of Los*
11   *Angeles*, 745 F.3d 384, 398 (9th Cir. 2014); *McDade v. West*, 223 F. 3d 1135, 1142 (9th Cir. 2000);
12   *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  The SAC does not provide any details regarding
13   other alleged instances of City employees misusing a safety cell.  In his opposition brief, plaintiff
14   refers to his earlier filings in this case, when he sought leave to add a *Monell* claim, wherein he cited
15   to trial transcript testimony from plaintiff's lawsuit in the *Bell v. Williams* case.

16       Given the long and complicated history of this case, the Court finds that the better practice
17   would be to incorporate the relevant factual allegations directly into the operative complaint, so that
18   neither the defendants nor the Court must pick through prior briefing to understand the contours of
19   plaintiff's claim.  For instance, if plaintiff pursues a ratification theory, plaintiff must be able to
20   allege that an official with final policymaking authority approved the decisions at issue.  *See Lytle*
21   *v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004); *Christie v. Iopa*, 176 F.3d 1231, 1239  (9th Cir. 1999).
22   It is unclear from the SAC who plaintiff is alleging that authorized policymaker is.

23       Accordingly, the Court GRANTS the City's motion to dismiss the *Monell* allegations and
24   GRANTS plaintiff leave to amend.  If plaintiff wishes to pursue a *Monell* claim against the City,
25   plaintiff must be able to allege more than isolated or sporadic incidents; rather, plaintiff must be
26   able to allege "practices of sufficient duration, frequency and consistency that the conduct has
27   become a traditional method of carrying out policy." *See Trevino*, 99 F.3d at 918.  Plaintiff may
28   include additional allegations regarding the statute of limitations but is not obliged to do so.  As

1  discussed above and at the hearing, the Court is not inclined to resolve that question on the pleadings.

2

3  **II.     Discovery Disputes**

4  The City has filed a motion to re-open discovery, related to the new *Monell* claim, and the

5  parties have jointly filed a discovery dispute statement. Dkt. Nos. 205, 207.[4]

6

7  **A.     *Monell* Discovery**

8  The Court previously approved plaintiff serving limited *Monell*-related discovery: six RFPs

9  and one 30(b)(6) deposition notice.[5]  The City now seeks to re-open discovery so that it can obtain

10  discovery specific to the recently added *Monell* claim. Plaintiff argues that what the City seeks is

11  not "limited" in scope, and that he is amenable to responding to a limited set of written discovery.

12  He specifically opposes any attempt to re-depose him.

13  Having considered the arguments raised in the briefs and at the hearing, the Court GRANTS

14  the City's motion to reopen discovery as related to the *Monell* claim. The Court further ORDERS

15  the parties to meet and confer about the scope of discovery. With regard to plaintiff's deposition,

16  the Court will allow the City a three-hour deposition of plaintiff, limited to the statute of limitations

17  and facts underlying the *Monell* claim.

18

19  **B.     Safety Cell Grievances**

20  Plaintiff has propounded requests for production, seeking all grievances concerning safety

21  cell transportation and misuse. The parties dispute the temporal and geographic scope of the request.

---

[4] The Court GRANTS the administrative motion to seal certain material filed with plaintiff's opposition to the motion to re-open discovery. Dkt. No. 208. Because a motion to re-open discovery is not a dispositive motion, the "good cause" standard for sealing applies. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). The Court finds good exists because the information sought to be sealed is narrowly tailored, and the public's interest in having access to court records is, in this instance, outweighed by: the privacy interests of the individuals whose personnel information is disclosed; and security concerns regarding the surveillance camera information. Moreover, the Court does not rely on the sealed information in rendering its decision today.

[5] At the hearing, the City clarified that it will likely be producing three 30(b)(6) deponents to respond to plaintiff's request.

1   The parties have agreed the City will produce the grievances from 2008-2018 from the facility that
2   plaintiff was housed in when the incident occurred in 2013, i.e., County Jail 3 ("CJ 3"). What they
3   dispute is the production of grievances from CJ 1, CJ 2, and CJ 4 from the year 2013.

4   The City opposes, arguing that providing these grievances would be burdensome and not
5   proportional to the needs of the case, given that plaintiff was housed at CJ 3. The City explains that
6   "grievances are handwritten inmate complaints, not coded by topic, that must be manually reviewed
7   at the jail from which they originate after they are obtained from offsite storage for that facility."
8   Dkt. No. 207 at 5. The City estimates that reviewing one year of grievances for a single facility
9   requires 12 hours of attorney time, and that review and production of the CJ 3 2008-2018 grievances
10  will take approximately four weeks, with two attorneys devoted to the project. The City also states
11  that the other jail facilities "operate with different staff and populations and under facility-specific
12  training." *Id.* at 6.

13  The Court agrees with the City's proposed approach here: the City shall complete production
14  of the CJ 3 grievances from 2008-2018, and the parties shall then meet and confer regarding
15  production of the 2013 non-CJ 3 grievances.

### C.   Schedule

As noted above, this case is set to go to trial on March 4, 2024. The parties agree that the dates for the expert reports and dispositive/*Daubert* motions should be pushed back, but they require the Court's guidance on the precise schedule. As discussed at the hearing, the Court will adopt the deadlines the City proposed in the discovery brief. *See* Dkt. No. 207 at 6.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES the City's motion to dismiss on statute of limitations grounds but GRANTS the City's motion to dismiss the *Monell* claim from the SAC for failure to state a claim. Dkt. No. 195. Plaintiff may file a third amended complaint to add allegations supporting his *Monell* claim, **no later than September 22, 2023.**

The Court GRANTS the City's motion to re-open discovery for the purpose of obtaining *Monell*-related discovery. Dkt. No. 205. The City shall be permitted a three-hour deposition of plaintiff, limited to the statute of limitations and facts underlying the *Monell* claim. The parties are ORDERED to meet and confer regarding any remaining discovery disputes.

The Pretrial Schedule is hereby modified as follows:

| Date | Event |
|---|---|
| **October 16, 2023:** | Close of Fact Discovery (*Monell* Claims only) |
| **October 30, 2023:** | Amended Expert Reports |
| **November 15, 2023:** | Complete Expert Reports |
| **December 1, 2023:** | Dispositive/*Daubert* Motion Filed |
| **December 15, 2023:** | Opposition Due |
| **December 22, 2023:** | Reply Due |
| **January 12, 2024:** | Hearing on Dispositive/*Daubert* Motion |
| **February 6, 2024:** | Pretrial Paperwork Due (date unchanged) |
| **February 20, 2024:** | Pretrial Conference (date unchanged) |
| **March 4, 2024:** | Trial (date unchanged) |

**IT IS SO ORDERED**.

Dated: September 8, 2023

_____
SUSAN ILLSTON
United States District Judge