UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KEITH BELL,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN LEE, Deputy, et al.,<br><br>    Defendants. | Case No. 13-cv-5820 SI<br><br>**FINAL PRETRIAL ORDER**<br><br>Re: Dkt. Nos. 265-267, 285, 292-301, 306, 308-311, 313, 322-324, 372 |

On April 16, 2024, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 30, 2024. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges. Jurors shall wear masks during the proceedings.

2. **Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties have presented the Court with a neutral, non-argumentative statement of the case to be read to the jury panel at the beginning of the voir dire process; the parties may file an amended statement no later than Friday. April 26, 2024.

3. **Witnesses:** The parties shall file amended, winnowed-down witness lists on April 22, 2024. The parties shall work with each other to schedule witnesses, since numerous witnesses appear on both witness lists, and shall provide each other 24 hours' notice of which witnesses they intend to

1  call. By April 29, the parties shall inform the Court about whether they intend to call any remote
2  witnesses.

4.  **Timing of trial:** The trial is estimated to take five days. Based on this estimate, and a review of the other materials in the Joint Pretrial Conference Statement, the Court will set the matter for a five day trial, as follows: each side shall have up to 30 minutes to present opening statements; each side shall have 10 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument. The parties have jointly requested bifurcation of punitive damages. Should a punitive damages phase be necessary, the Court encourages the parties to stipulate to assets to obviate the need for live testimony. Each side will have up to 30 minutes for argument in the punitive damages phase.

5.  **Trial schedule:** Jury selection will occur and the trial will begin on April 30, 2024 at 9:00 a.m. The trial day runs from 9:00 a.m. until 4:00 p.m., with a 15 minute break at 10:15 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

6.  **Motions in limine and other motions: Motions:** Plaintiff has filed a motion for spoliation sanctions, and defendants have filed an administrative motion to strike. Plaintiff has filed six motions in limine and a motion to limit the testimony of defendants' expert. Defendants have filed ten motions in limine, which includes a motion to limit the testimony of plaintiff's expert. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

Plaintiff's Motion for Sanctions and Defendants' Motion to Strike (Dkt. Nos. 266, 267): **DENIED**, as to defendants' administrative motion to strike. **DENIED**, without prejudice, as to plaintiff's motion for sanctions. Plaintiff may put on evidence regarding Camera 88 and a possible missing

2

1  video, and defendants may likewise put on related evidence. Plaintiff may renew his request for an
2  adverse jury instruction at the charging conference, if supported by the evidence at trial.

4  Plaintiff's Motion to limit Don Cameron's expert report and testimony (Dkt. No. 306); Defendants'
5  MIL No. 7 to exclude certain testimony by Robert Ayers (Dkt. No. 298): **GRANTED**, as to
6  Cameron. **GRANTED**, as to barring Ayers from testifying as to witness credibility or legal
7  conclusions. **DENIED**, as to the balance of the motion re: Ayers.

8  Neither expert may opine on witness credibility, disputed facts, the applicable legal standard, or legal conclusions. The experts may testify as to hypothetical fact patterns. For instance, Cameron may testify that *if* a hypothetical detainee were to take certain assaultive actions, *then* it would comport with accepted and approved practice to take the detainee to the ground. Cameron may not testify that the deputies here *were* justified in taking Bell to the ground *because* Bell took certain assaultive actions. Whether plaintiff or the officers in this case took certain actions during the incident goes to the very heart of what the jury must determine.

The experts shall not opine as to whether the deputies' actions *in this case* were "reasonable" or whether the force used in this case was "excessive." Doing so would invade the province of the jury, whose role it is to weigh the evidence and make credibility determinations.

Ayers may opine as to whether the incident reports prepared in this case, or the lack of incident reports in this case, violated policy or practice. Unlike the factual assumptions contained in the Cameron report, the facts regarding what incidents reports were subsequently prepared and by whom are not in dispute.

Plaintiff's MIL No. 1 to preclude other bad acts (Dkt. No. 322): **DENIED**, as to plaintiff's 2012 arrest charges for which is he currently detained, as those are relevant to defendants' knowledge about plaintiff. The parties shall jointly prepare a neutral statement of plaintiff's 2012 charges, which shall be used by any witness testifying as to the charges. Defendants are not to question witnesses as to the details of the charges, nor shall they refer to the charge as "high-profile."

**GRANTED**, as to the jail disciplinary records, unless used for impeachment purposes. If

United States District Court
Northern District of California

1   defendants seek to use these records to rebut plaintiff's testimony, defendants must first make an
2   offer of proof outside the presence of the jury.
3   **GRANTED**, as to plaintiff's 2007 and 2011 convictions, unless used for impeachment
4   purposes. Defendants state they do not intend to introduce this unless plaintiff opens the door.  If
5   defendants seek to use these records to rebut plaintiff's testimony, defendants must first make an
6   offer of proof outside the presence of the jury.

8   Plaintiff's MIL No. 2 to preclude defendants from calling plaintiff's former criminal counsel and
9   investigator and to exclude related documents (Dkt. No. 308): **DENIED**.

11  Plaintiff's MIL No. 3 to permit plaintiff to appear without visible restraints (Dkt. No. 309):
12  **GRANTED**.  If Mr. Bell is disruptive at trial or some reason for shackling presents itself, the Court
13  will require Mr. Bell's non-writing hand to be shackled to his waist, out of the presence of the jury.
14       The Court will allow the San Francisco Sheriff's Office requests: that SFSO be allowed to
15  post two Deputies in the first row of the gallery behind the defense table to ensure that there is no
16  contact with the public; that the first row gallery be kept vacant to provide a barrier; and that
17  plaintiff's computer access (including access to the internet) be strictly limited to trial matters. *See*
18  Dkt. No. 291.

20  Plaintiff's MIL No. 4 to exclude evidence and testimony regarding weapons in wheelchairs (Dkt.
21  No. 323): **DENIED** without prejudice to renewal at the time of trial.  Before introducing evidence
22  regarding weapons in wheelchairs, defendants shall make an offer of proof outside the presence of
23  the jury.

25  Plaintiff's MIL No. 5 to exclude evidence regarding the results of the internal affairs investigation
26  and plaintiff's other grievances (Dkt. No. 310): **DENIED** as moot as to the internal affairs
27  investigation, without prejudice to specific objections at the time of trial. Defendants have indicated
28  they do not intend to introduce the substantive findings of the investigation.  They have indicated

1 they may seek to introduce the timeline of the investigation (to counter spoliation allegations) or
2 plaintiff's statements (for impeachment). If defendants wish to do so, they must first make an offer
3 of proof outside the presence of the jury.

4 Plaintiff also seeks to exclude three prior grievances he filed for unrelated incidents. Dkt.
5 Nos. 310-1, Heckmann Decl., Ex. C, D, E. **DENIED**, in that the three grievances may come in to
6 show plaintiff's prior injuries. The parties shall meet and confer regarding redactions to remove
7 references to altercations, fights, etc.

8

9 Plaintiff's MIL No. 6 to preclude unrelated medical records (Dkt. Nos. 324, 349): **DENIED**, as to
10 the request to exclude the medical evidence altogether. However, only relevant medical records
11 may be admitted, and defendants shall endeavor to minimize or redact references to altercations,
12 fights, etc. Before showing records to the jury that contain such a reference, defendants shall make
13 an offer of proof outside the presence of the jury.

14

15 Defendants' MIL No. 1 to exclude evidence or argument on dismissed or unalleged claims (Dkt.
16 No. 292): **GRANTED**, as to arguing or referencing dismissed or unalleged claims. **DENIED**, as to
17 the balance of the motion, without prejudice to renewal at the time of trial. If plaintiff seeks to
18 introduce statistics regarding use of the safety cell for impeachment purposes, he will need a witness
19 (other than plaintiff) who can testify as to what the documents are and will need to make an offer of
20 proof outside the presence of the jury. The jury will need some context for the safety cell, and
21 plaintiff may testify on the conditions inside the safety cell. Plaintiff may also introduce evidence
22 about whatever medical care he did or did not receive following the incident.

23

24 Defendants' MIL No. 2 to exclude or bifurcate punitive damages (Dkt. No. 293): **DENIED**, as to
25 defendants' request to bar punitive damages. Pro se pleadings are liberally construed and plaintiff's
26 request for $250,000 from the individual defendants and $20,000,000 from the City and County of
27 San Francisco put defendants on notice of the potential for punitive damages. *See* Dkt. No. 216 at
28 3-4. **GRANTED**, as to the unopposed request to bifurcate the liability phase from the punitive

damages phase at trial.

Defendants' MIL No. 3 to exclude evidence and argument on newsworthy events unrelated to this litigation (Dkt. No. 294): **GRANTED** as to evidence, except for references to "other uses of force" by jail staff against plaintiff. Before presenting evidence that contain such a reference, plaintiff shall make an offer of proof outside the presence of the jury. If the matter proceeds to a punitive damage phase, the parties shall consult the Court before making such argument.

Defendants' MIL No. 4 to exclude evidence and argument of personnel records, disciplinary proceedings, and character evidence (Dkt. No. 295):

The Ninth Circuit has "held that 'other act' evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof for the jury to find that the defendant committed the other act[]; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged. *See Bibo–Rodriguez,* 922 F.2d 1398, 1400 (9th Cir.1991); *United States v. Miller,* 874 F.2d 1255, 1268 (9th Cir.1989). Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000).

The Court has reviewed *in camera* Trial Exhibits 30, 31, 35, 41, 42, 43.[1]

- Trial Exhibit 30: **DENIED**. Plaintiff may cross-examine Lt. Krol about the finding in Case No. 2016-0022 because it is probative of his character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b).

- Trial Exhibit 31: **GRANTED**. The Court will exclude the document under Federal Rule of Evidence 404(b)(1).

---

[1] A footnote in plaintiff's opposition to defendants' MIL No. 4 states plaintiff seeks to introduce Trial Exhibits 30-43 and 50-51. Dkt. No. 337 at 1 n.1. However, neither the attached declaration nor the exhibits plaintiff provided for *in camera* review discuss or contain Exhibits 32-34, 36-40, or 50-51.

6

- Trial Exhibit 35: **DENIED**, in that plaintiff may cross-examine De Los Reyes about the finding regarding his truthfulness. *See* Fed. R. Evid. 608(b). The Court will exclude the excessive force finding under Federal Rule of Evidence 404(b)(1).
- Trial Exhibit 41: **GRANTED**. The allegation was not sustained.
- Trial Exhibit 42: **GRANTED**. The document is not relevant.
- Trial Exhibit 43: **DENIED**. Plaintiff may cross-examine Lt. Krol about the finding in Exhibit 43 because it is probative of his character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b).

Pursuant to the discussion on the record at the pretrial conference, the Court **ORDERS** that plaintiff's opposition to defendants' MIL No. 4 (Dkt. No. 337) and the accompanying declaration of Kaiyi A. Xie (Dkt. No. 337-1) shall be **SEALED**. Defendants do not object to the public filing of the exhibits attached to the Xie declaration. **Plaintiff shall re-file the exhibits to Dkt. No. 337-1 on the public docket no later than April 26, 2024.**

Defendants' MIL No. 5 to exclude evidence and argument on plaintiff's personal history and character evidence generally (Dkt. No. 296): **DENIED,** without prejudice to specific objections at the time of trial.

Defendants' MIL No. 6 to exclude lay opinion evidence (Dkt. No. 297): **GRANTED**, as to lay opinion testimony on medical care, diagnoses, or excessive force. However, plaintiff may pose hypothetical questions to the nurses who examined plaintiff, as discussed at the pretrial hearing. (For instance, the Court will permit such questions as: if the nurses had known plaintiff was transported in a certain manner, would that have changed their examination of plaintiff?) **DENIED**, as to testimony regarding what medical care plaintiff did or did not receive or testimony regarding what plaintiff himself experienced with regard to his injuries.

Defendants' MIL No. 8 to exclude argument or evidence about missing, destroyed, and unproduced evidence (Dkt. No. 299): **GRANTED**, as to any alleged failure to produce plaintiff's medical

records. **DENIED** as moot re: a spoliated fourth videotape. See the Court's ruling on the sanctions motion above.

Defendants' MIL No. 9 to exclude evidence of issues that were not exhausted (Dkt. No. 300): **DENIED**. Defendants are particularly focused on the transportation to the safety cell and the conditions inside the safety cell, arguing those issues were not raised in plaintiff's administrative complaints. Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved. *Id.* Nor must a grievance include every fact necessary to prove each element of an eventual legal claim. *Id.* The purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *Id.* The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Id.* (citation and internal quotation omitted). The Court finds plaintiff's grievances adequately put the jail on notice for exhaustion purposes.

Defendants' MIL No. 10 to exclude evidence not timely disclosed (Dkt. No. 301): **DENIED** as moot. Plaintiff says he will not introduce any of the recently obtained medical records. He also agrees that he is not seeking damages for ongoing *physical* injuries beyond April 28, 2017, the date of his most recent interrogatory responses. He will seek damages for ongoing *emotional* injuries, and it appears he timely disclosed his intent to do so. *See* Dkt. No. 329 at 2; Dkt. No. 301-2 at 9.

**IT IS SO ORDERED**.

Dated: April 17, 2024

SUSAN ILLSTON
United States District Judge